**United States Court of Appeals for the Tenth Circuit**
OFFICE OF THE CLERK
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303)844-3157

Elisabeth A. Shumaker
Clerk of Court

Douglas E. Cressler
Chief Deputy Clerk

October 30, 2006

*FILED at Santa Fe, NM*
*NOV - 2 2006*
*MATTHEW J. DYKMAN*
*CLERK*

Mr. Matthew J. Dykman
Clerk
United States District Court for the District of New Mexico
P.O. Box 2384
Santa Fe, NM 87504-2384

Re:   05-2040, United States v. Harris
      Dist/Ag docket: CIV-04-235-PJK/RHS, CR-00-148 BB

Dear Mr. Dykman:

   Enclosed for the clerk of the trial court or the named agency, is a certified copy of the order filed in this case which is issued as the mandate of this court. See Fed. R. App. P. 41(a). Please file it in the records of your court or agency.

   Please contact this office if you have questions.

Sincerely,

Elisabeth A. Shumaker
Clerk, Court of Appeals

By: *[signature]*
Deputy Clerk

clk:afw
Enclosure

cc:   David C. Iglesias, U.S. Attorney
      Norman Cairns
      Kari Converse

FILED
United States Court of Appeals
Tenth Circuit

September 6, 2006

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MICHAEL A. HARRIS,

Defendant-Appellant.

No. 05-2040
(D.C. No. CIV-04-235-PJK/RHS)
(D. N.M.)

A true copy
Teste

Elisabeth A. Shumaker
Clerk, U.S. Court of
Appeals, Tenth Circuit
By
Deputy Clerk

**ORDER**

---

Before **O'BRIEN, PORFILIO**, and **ANDERSON**, Circuit Judges.

---

On August 17, 2006, the United States filed a notice in this case stating that it is prepared, in the interest of justice, to waive the statute of limitations bar applied by the district court. In light of this new development, we will remand this case to the district court for further proceedings.

In 2000, Mr. Harris was convicted of possession with intent to distribute cocaine base, within 1000 feet of a school, in violation of 21 U.S.C. § 860(a). His sentence was enhanced to a life sentence based on two alleged prior felony drug convictions. This court affirmed his conviction and sentence on direct appeal. *See United States v. Harris*, 313 F.3d 1228 (10th Cir. 2002).

The Supreme Court denied certiorari on March 3, 2003. On March 2, 2004, 365 days later, Mr. Harris filed a § 2255 motion in district court. He raised claims of ineffective assistance of counsel and improper sentence enhancement.[1] In this § 2255 motion, he asserted that the district court had improperly enhanced his conviction based on a 1989 conviction for possession with intent to distribute cocaine from the Northern District of Texas, and a **1987** conviction in Los Angeles Superior Court for possession of cocaine. He asserted that the California conviction was infirm since it was a misdemeanor that had been reclassified as a felony when his probation was revoked, since he was not represented by counsel, and since he had not knowingly, intelligently, or voluntarily waived his right to counsel.

Mr. Harris was, however, mistaken on a key point. The enhancement was not based on the 1987 California conviction. It was actually based on the 1989 Northern District of Texas conviction, and a **1999** California state conviction for possession of a narcotic controlled substance. After the United States pointed this out in its May 26, 2004, response to his petition, Mr. Harris quickly moved to amend his petition to assert that the 1999 California conviction should not have

---

[1] In this appeal, Mr. Harris has only briefed issues pertaining to the use of the 1999 conviction to enhance his sentence. He has abandoned, for purposes of appeal, his contentions concerning the 1989 conviction and his other ineffective assistance of counsel claim.

-2-

been used to enhance his sentence.[2] He now asserted that the 1999 conviction was not final at the time he was sentenced in the present case. He also argued that his trial and appellate counsel had been ineffective in failing to raise this issue at sentencing and on direct appeal.

The United States objected to the amendment. It asserted that the amendment was untimely because Mr. Harris had made his motion for leave to amend outside the one-year statute of limitations for filing § 2255 motions. *See* 28 U.S.C. § 2255 (establishing one-year statute of limitations). Mr. Harris was appointed counsel, who argued that his "new" claim, about the 1999 conviction, should relate back under Fed. R. Civ. P. 15(c) to the filing date of his § 2255 motion. In its order denying § 2255 relief, however, the district court determined that the new claim did not relate back to the filing of the motion and was therefore untimely; that equitable tolling should not be applied; and that the claim concerning the 1999 California conviction would fail on the merits in any event.

Mr. Harris appealed, and we granted him a certificate of appealability. In its appellate brief, the United States conceded that the district court "appears to have erred . . . in concluding that Harris's life sentence was legal," Aplee. Br. at 3, because "[i]t appears that the [1999] California drug conviction should not have been used to adjust Harris's sentence," *id.* at 4. The United States asked this

---

[2]   His pro se motion seeking amendment was captioned "Motion 28 USC 2255 EXPANSION OF THE RECORD." R., doc. 11.

court to abate the case until the Supreme Court determined whether it could waive the § 2255 one-year statute of limitations.

The Supreme Court subsequently held in *Day v. McDonough*, 126 S. Ct. 1675, 1681-82 (2006), that the § 2255 statute of limitations is not jurisdictional, a holding permitting waiver by the government. In light of this holding, the United States indicated that it might reconsider its position concerning the statute of limitations. If Mr. Harris could establish to the United States' satisfaction that he did not have two predicate felony drug convictions, the United States would be willing to waive the one-year statute of limitations, in the interest of justice.

In particular, the United States was concerned that Mr. Harris might have yet another drug conviction, from 1988, that could have been used for purposes of enhancement. In its most recent filing, however, the United States has informed us that Mr. Harris's 1988 drug conviction was vacated in a state collateral proceeding. To the United States' best knowledge, therefore, he does not have two prior drug convictions. The United States now states that it is prepared to waive the statute of limitations defense. Presumably, it may also concede on remand that Mr. Harris's sentence should not have been enhanced to a life sentence because he does not have two prior felony drug convictions.

It is therefore ORDERED as follows:

This case is REMANDED to permit the United States to present to the district court its waiver of the statute of limitations and its position on whether

-4-

Mr. Harris's sentence was improperly enhanced based on an ineligible 1999 conviction, and for reconsideration of the denial of Mr. Harris's § 2255 motion and of his motion for leave to amend his petition, in light of the United States' presentation and argument and the ramifications thereof.

                                        Entered for the Court
                                        ELISABETH A. SHUMAKER, Clerk

                                        By: _____
                                                  Deputy Clerk